UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES ADEYEMI,

    Plaintiff,

v.

TRUIST BANK,

    Defendant.

Civil Action No. PJM-23-2302

## MEMORANDUM

On August 23, 2023, self-represented Plaintiff James Adeyemi filed a Complaint against Defendant Truist Bank. ECF No. 1. Adeyemi has also filed a Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. Based on the information provided, Adeyemi appears to be indigent and thus his Motion will be granted. However, for the reasons that follow, Adeyemi's Complaint must be dismissed for lack of jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) (Fed. R. Civ. Proc. 12(b)(1) authorizes lack of subject-matter jurisdiction to be raised by a party or by a court on its own initiative at any stage in the litigation). Additionally, under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v.*

*Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95, 130 S.Ct. 1181, 1194 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Federal courts have original jurisdiction over civil cases, with some exceptions not relevant here, in only two instances: (1) under federal question jurisdiction, meaning that the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, meaning, as relevant here, that the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Adeyemi's residency is unclearly stated in the Complaint. He lists a Washington, D.C. address, but also identifies himself as "a citizen of the State of MD." ECF No. 1 at 2, 4. Truist Bank's principal place of business is also unclear, as Adeyemi lists a Maryland address but also states that Truist Bank "has its principal place of business in the State of North Carolina." *Id.* Thus, it is unclear if diversity exists in this action. However, even assuming *arguendo* that diversity exists between the parties, the amount in controversy falls considerably short of the amount required under 28 U.S.C. § 1332. Adeyemi's statement of his claim provides, in its entirety:

> Truist Bank seized all my money from my account after the checks were cleared for cash and also they stole 1700 from the Coinbase without my permission. They close my checking account instantly against my choice and also they close my credit card plus they kept my coinbase.

ECF No. 1 at 6. As relief, he simply states "Release all the amount to me." *Id.* at 7. In the absence of any additional information, the amount in controversy falls well below the jurisdictional limit. Therefore, this Court therefore lacks jurisdiction under 28 U.S.C. § 1332.

Thus, this Court could only have subject matter jurisdiction over this case if Adeyemi has asserted a federal claim. However, even affording the Complaint a very liberal construction, Adeyemi's sparse allegations that money was seized from his bank account and his accounts were closed do not state a federal claim for relief. Adeyemi states in his Complaint that the basis for this Court's jurisdiction is that he has stated a federal question, but when asked to identify the specific federal laws at issue in this case, he simply states "Banks and Banking." In the absence of additional information, Adeyemi has not stated a plausible federal claim for relief. Because Adeyemi has failed to state a claim as to any violation of federal law, this Court lacks jurisdiction and the case cannot proceed. In the absence of any federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claims. 28 U.S.C. § 1367(c)(3).

A separate Order follows.

_____
PETER J. MESSITTE
United States District Judge